# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| KHALIFAH E.D. SAIF'ULLAH, | |
| Plaintiff, | CASE NO. 2:08-cv-1209-RSM |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant, | |

This matter comes before the Court for consideration of a Rule 12(b)(6) motion to dismiss filed by five of the defendants named in this action. Plaintiff has opposed the motion. After careful consideration of the record and the memoranda of the parties, the Court has determined that the motion shall be granted in part and denied in part.

## FACTUAL AND LEGAL BACKGROUND

Plaintiff Khalifah E.D. Saif'ullah, a Muslim, is a state prisoner incarcerated at CSP-Solano at Vacaville, California, where the events giving rise to this action allegedly occurred. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment, Ninth Amendment, and Fourteenth Amendment rights, as well as the Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA), by defendants' denial to him of a Halal diet. Plaintiff names as defendants Warden D.K. Sisto, assistant wardens S.R. Stiles and V.D. Brumfield, Chief of Inmate Appeals N. Grannis, Correctional Food Manager J. Ward, culinary supervisors Mike Alacade and P.

ORDER - 1

Fandler, and Muslim Chaplain Addul Nasir Ra'oof. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

In his complaint, plaintiff asserts that his Muslim faith requires him to eat a Halal diet, in which meat is handled according to the dictates of the Qur'an. He filled out the institution's Religious Dietary Request application, which required him to choose between a kosher diet and a vegetarian diet. Plaintiff chose the kosher diet as an adequate substitute for a Halal diet; he contends that a vegetarian diet does not meet the requirements of the Qur'an. His application was originally approved, and plaintiff received several kosher meals. The approval was then reversed, and plaintiff was informed he could not receive kosher meals because he is Muslim, not Jewish.

Plaintiff appealed this decision through the prison grievance system, and this lawsuit followed. Defendants Brumfield, Grannis, Sisto, Stiles, and Ward now move for dismissal for failure to state a claim, pursuant to F.R.Civ.P. 12(b)(6).

## ANALYSIS

A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Further, while factual allegations are accepted as true, legal conclusions are not. *Id*.

In order to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). Section l983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F. 2d l350, l354 (9th Cir. l985)(*en banc*); *cert. denied*, 478 U.S. 1020 (l986). Plaintiff must show that each named defendant personally participated in a deprivation of plaintiff's federal rights or caused such a deprivation to occur. Supervisory personnel cannot be held liable under 42 U.S.C. §l983 for constitutional deprivation under a theory of *respondeat superior*. *Taylor v. List*, 880 F. 2d

ORDER - 2

1040, 1045 (9th Cir. 1989).

Defendants Brumfield, Grannis, Sisto, and Stiles move for dismissal on the basis that plaintiff's complaint against them arises from his inmate appeal. Defendants assert that plaintiff has no constitutional right to a specific grievance procedure, nor to a particular outcome from the appeal. Defendants are correct that the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). However, plaintiff does not claim that the denial of his appeal violated his constitutional rights. In naming the officers who rendered the decisions denying his appeal, he alleges that they each personally participated in the violation of plaintiff's constitutionally-protected religious rights. This allegation meets the pleading standard set forth in *Ashcroft v. Iqbal*, such that the complaint arguably states a claim under § 1983 against defendants D.K. Sisto, V.D. Brumfield, and N. Grannis. However, as to defendant A.R. Stiles, the allegations are based upon a theory of *respondeat superior*, for "extending power" to defendant Stiles to act on his behalf. This allegation against defendant Stiles fails to state a claim under § 1983.

As to defendant Ward, the complaint is devoid of factual allegations against this defendant, and therefore fails to state a claim. While plaintiff has requested leave to amend to state facts regarding this defendant, he has failed to indicate what those facts might be. Plaintiff also asks that he be provided with a copy of his original complaint so that he may find therein the evidence against defendant Ward. However, there is no evidence regarding defendant Ward to be found in the complaint. This defendant is named in his or her capacity as "Correctional Food Manager II", which appears to be a supervisory capacity. According to plaintiff's allegations, the persons who actually denied him the kosher meals were culinary supervisors Alacade and Fandler. It appears that any amendment as to defendant Ward would be futile.

Accordingly, it is hereby ORDERED:

(1) Defendants' Rule 12(b)(6) motion to dismiss is GRANTED as to defendants D.K. Sisto and J. Ward, and these two defendants are DISMISSED from the action;

ORDER - 3

(2) Defendants' motion to dismiss is DENIED as to defendants S.R. Stiles, V.D. Brumfield, and N. Grannis; and

(3) Pursuant to F.R.Civ.P. 12(a)(4)(A), defendants shall file an answer to the complaint within fourteen days of the filing date of this Order

DATED this 5th day of February 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4