UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

        Plaintiff,

        v.

D. K. SISTO, et al.,

        Defendants.

CASE NO. 2:08-CV-1209-RSM

ORDER GRANTING MOTION TO DISMISS

This matter is before the Court for consideration of defendants' motion to revoke plaintiff's *in forma pauperis* status and dismiss the complaint. Dkt. # 27. Defendants have demonstrated that plaintiff has previously filed more than thirty civil actions in the California district courts while incarcerated. At least three of them were dismissed for failure to state a claim, thereby constituting "strikes" pursuant to 28 U.S.C. § 1915(g). They ask the Court to take judicial notice of the court filings that demonstrate this fact. Dkt. # 28. Per Defendants' request, judicial notice is taken of these documents under Federal Rule of Evidence 201(b)(2) and *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). Although plaintiff has opposed the motion, the Court finds cause to grant it and dismiss the action without prejudice.

## DISCUSSION

Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment, Ninth Amendment, and Fourteenth Amendment rights, as well as the Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA), by defendants' denial to him of a Halal diet.

ORDER - 1

Complaint, Dkt. # 1. His application for leave to proceed *in forma pauperis* ("IFP") was granted. Dkt. # 6. Defendants' Rule 12(b)(6) motion to dismiss was granted in part and denied in part. Dkt. # 22. The defendants remaining in the action filed an Answer to the complaint, and the Court set a case schedule for further proceedings. Dkt. ## 22, 24.

Defendants have now moved to revoke plaintiff's IFP status, and to dismiss the complaint, pursuant to 28 U.S.C. § 1915(g). This statute provides, in relevant part,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section, popularly known as the "three strikes" provision of the IFP statute, serves the important function conserving judicial resources by discouraging the repeated filing of frivolous lawsuits by prisoners at public expense.

Plaintiff argues in his opposition that defendants have waived application of the three strikes rule by litigating this action for more than two years before raising it. Dkt. # 29. He asserts that defendants have "previously filed three motions for summary judgment" and has not alleged in any of them that he previously had three prior actions dismissed for failure to state a claim. *Id*. Plaintiff is incorrect; the Rule 12(b)(6) motion is the only one previously filed by defendants in this action. Defendants' participation in this case to this point does not in any way waive the application of § 1915(g) where it is so clearly appropriate. The Court notes, moreover, that defendants may well have overlooked plaintiff's extensive litigation history because of his answers on the court form for prisoner civil rights complaints. In response to the question regarding previous lawsuits while a prisoner, plaintiff responded that he had filed "several." Dkt. # 1. When asked to describe them, he listed only two, and stated that both were "still pending." *Id*. Defendants were entitled to rely on this representation and cannot be deemed to have waived the three strikes argument by deferring it until now.

Defendants have met their burden of demonstrating that plaintiff has had at least three of his prior cases dismissed for failure to state a claim, namely *Saif'ullah v. Gray Davis*, Cause No. Civ S-99-1150 GEB (E.D.Cal. 1999); *Saif'ullah v. Ortega, et al.*, Cause No. Civ S-02-1214 GEB (E.D.Ca. 2003;

ORDER - 2

*Saif'ullah v. Garnica, et al.*, Cause No. Civ S-02-1841 DFL (E.D. Cal. 2003).   Because plaintiff has previously brought at least three lawsuits that have been dismissed on the basis that they were frivolous, malicious, or failed to state a claim, and because Plaintiff does not fall under the exception to the three-strikes rule for threat of serious personal injury, he is barred from bringing this suit *in forma pauperis* under §1915(g), and his IFP status must be revoked.

The question remains as to whether the action should be dismissed without prejudice at this time, or whether, as plaintiff requests, he be given an opportunity to pay the filing fee in full to continue this action.  While the Ninth Circuit Court of Appeals has not definitively spoken in this issue, appellate courts of other circuits have found that when a court denies a prisoner leave to proceed *in forma pauperis* pursuant to the three-strikes provision of § 1915(g), the proper procedure is to dismiss the complaint without prejudice.  In *Dupree v. Palmer*, the Eleventh Circuit held that denial of *in forma pauperis* status under § 1915(g) mandated dismissal. *See* 284 F.3d 1234 (11th Cir.2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he initiates the suit." *Id*. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the Eleventh Circuit's rationale. *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir.1996); *In re Alea*, 286 F.3d 378 (6th Cir.2002). Moreover, the United States District Court for the Eastern District of California has recently stated that it has adopted this approach. *Hunter v. Brown*, 2011 WL 1087255, *3+ (E.D.Cal. Mar 23, 2011) (*citing Stephens v. Rivera*, 2011 WL 666780 (E.D.Cal. Feb. 11, 2011); *Peralta v. Martel*, 2011 WL 318404 (E.D.Cal. Feb. 1, 2011); *Miller v. Keating*, 2011 WL 285080 (E.D.Cal. Jan. 24, 2011); *see also Dean v. Medieros*, 2010 WL 3943525, *2+ (E.D.Cal. Oct 01, 2010);   *Palmer v. Woodford*, 2010 WL 1135887, *4+ (E.D.Cal. Mar 22, 2010).

The Court finds that this is the better approach here.  As in *Hunter v. Brown*, plaintiff reported the number of his previous cases incorrectly on his complaint.   In *Brown*, the plaintiff mentioned three instead of the ten prior suits he had actually filed. *Brown v. Hunter*, 2011 WL 1087255 at *2 n. 2.  Here, plaintiff's conduct is more egregious—he has listed only two pending complaints instead of the more than thirty he had previously filed in the district court.

Plaintiff will not be seriously prejudiced by dismissal without prejudice, as he has already obtained for himself and other Muslim inmates the main relief he sought in his complaint, namely a

ORDER - 3

1  Halal diet.  Plaintiff's Opposition, Dkt. # 29.  To the extent that he faces a statute of limitations problem
2  should he wish to pursue his remaining claim for monetary damages, the problem is one of his own
3  making.  Had he correctly stated the number of his previous lawsuits on the complaint, his three strikes
4  status would have been investigated right away, and his IFP application denied at that time.  He could
5  then have re-filed his lawsuit by paying the filing fee while still within the statute of limitations on his
6  claims.  As it is, the granting of his IFP application was not justified, and the complaint was never
7  properly filed.

      Accordingly, it is hereby ORDERED;

      (1) Plaintiff's *in forma pauperis* status is REVOKED; and

      (2) this action is DISMISSED without prejudice for failing to pay the filing fee at the time the action was initiated.

      DATE: March 30, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4